UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES D. DUNCAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.: 3:20-MC-54-TAV-HBG ) |
| ANDERSON COUNTY, TN, JAMES LANDRY, and RIDGEVIEW MENTAL HEALTH, | ) ) ) ) |
|     Defendants. | ) ) |

## **MEMORANDUM OPINION**

Plaintiff, a former prisoner of the Anderson County Detention Facility who is now housed in the Whiteville Correctional Facility (which is a Tennessee Department of Correction ("TDOC") prison), has filed a motion for leave to proceed *in forma pauperis* [Doc. 9] and a pro se complaint [Doc. 10] for violation of 42 U.S.C. § 1983, alleging that Defendants James Landry and Ridgeview Mental Health failed to provide him with mental health care treatment during his fourteen months of incarceration in the Anderson County Detention Facility pursuant to a contract with Defendant Anderson County [Doc. 2 p. 3–4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 9] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I.    FILING FEE

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate in the Whiteville Correctional Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 160, Knoxville, Tennessee 37902 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous

or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above the speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

In his complaint, Plaintiff alleges that, during his fourteen-month detention in the Anderson County Detention Facility, as a TDOC prisoner, he was "totally dependent" on Defendants Anderson County, James Landry, and Ridgeview Mental Health for medical

3

and mental health care, but Defendants James Landry and Ridgeview Mental Health denied him a diagnosis and treatment for his mental health issues despite Plaintiff's multiple requests for both [Doc. 10 p. 3–4].  Specifically, due to a contract between Defendants Anderson County, James Landry, and/or Ridgeview Mental Health that prevented Defendants Landry and Ridgeview Mental Health from providing a mental health diagnoses and treatment to TDOC prisoners, Mr. Landry and Ridgeview Mental health refused to provide Plaintiff with a diagnosis of, and treatment for, his mental health issues [*Id.* at 4].  Plaintiff states that this denial of diagnosis and treatment violated his constitutional rights and caused him to suffer emotional, psychological, and physical injuries and damages [*Id.*].  As relief, Plaintiff seeks a declaration of constitutional violations, an "injunction (immediate) that removes or halts the contract practice," and compensatory and punitive damages [*Id.* at 5].

**C.  Analysis**

Plaintiff's complaint fails to state a claim for violation of his constitutional rights against any Defendant.  A prison authority's deliberate indifference to an inmate's serious medical needs, including mental health, violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  However, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983."  *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 107(1976)).

4

Assuming that Plaintiff's complaint could be liberally construed to adequately allege that Defendants Anderson County, James Landry, and/or Ridgeview Mental Health were deliberately indifferent to his need for mental health care, his requests for relief for any such constitutional violation are not cognizable under § 1983. Specifically, as Plaintiff is no longer incarcerated in the Anderson County Detention Facility, his requests for declaratory and injunctive relief resulting from this alleged constitutional violation are moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility). Further, while Plaintiff states that he suffered a physical injury due to the alleged denial of mental health treatment [*Id.*], this allegation is conclusory, and Plaintiff sets forth no facts from which the Court can plausibly infer that Plaintiff suffered any physical injury due to the alleged denial of mental health care treatment that was more than de minimis. Without such an injury, Plaintiff cannot bring an Eighth Amendment claim for damages. *See* 42 U. S.C. §1997e(e); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 9] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
